**Knable v. Knable**

*Albert Foster*, for libellant.

SHEELY, P. J., May 17, 1949.—Plaintiff's complaint was served upon defendant in the Western Penitentiary at Pittsburgh; the notice of the master's hearing was served upon him at Rockview Branch of the Western Penitentiary to which he had been transferred. The notice of the master's hearing included a notice to defendant that he could apply for a writ of habeas corpus ad testificandum. No appearance was entered on behalf of defendant and he did not apply for a writ.

The ground for divorce alleged in the complaint was that defendant had been convicted of burglary and larceny and had been sentenced to the Western Penitentiary for a term of not less than 18 months nor more than three years. In addition to her own testimony, plaintiff offered in evidence the record of defendant's conviction in the Court of Quarter Sessions of Fulton County but did not call as a witness the custodian of the records.

In Shaffer v. Shaffer, 26 York 80, 81 (1912), a similar case was before the court and Judge Wanner, after deciding that a case would lie against a prisoner, said:

"We are of the opinion, however, that it is the imperative duty of the Court in proceedings had in the absence of the defendant, to carefully inquire into both the competency and sufficiency of the libellant's evidence, though no objection be made thereto. For the same reason the original records of the respondent's conviction and sentence should be produced before the examiner and duly authenticated by the proper officer having the custody thereof, before they are admitted

in evidence. Though the records need not be set forth in extenso in the examiner's report of the evidence, it should accurately specify the successive proceedings at the trial, conviction and sentence of the defendant, so that the divorce record shall be a complete and self-sustaining basis for a final decree of the Court. The fact of the enforced absence of the respondent requires greater accuracy and completeness in the record than might be insisted upon if he had of his own accord simply neglected to appear and make defense. . . . Neither does it appear that the custodian of the records of the respondent's trial and conviction was called to authenticate the same and thus make them properly admissible instruments of evidence."

We agree with the principles set forth in the foregoing quotation and they are directly applicable to the case at bar as the record in this case is defective for the reasons therein stated.

We are not satisfied that the notice to defendant that he could secure a writ of habeas corpus ad testificandum was a sufficient notice to him of his rights or that the terms therein used were intelligible to him. It must be borne in mind that he was prevented from defending the action by reason of the sentence of the court, and every effort must be made to preserve and protect his rights: See Campbell v. Campbell, 49 Pa. C. C. 637 (1920). Since additional testimony must be taken we will direct the master to give notice to defendant by registered mail inquiring of him whether he desires to appear in defense of the action.

And now, May 17, 1949, the record in the above case is referred back to the master for the purpose of taking additional testimony and it is directed that the master give notice to defendant by registered mail of the time and place of the adjourned hearing, and shall inquire of defendant whether he desires to appear and defend said action.